## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| **HUGH MICHAEL GLENN, #09541-078,** | ) | |
| **Movant,** | ) | **No. 3:20-CV-1997-N-BH** |
| **vs.** | ) | **No. 3:16-CR-0447-N-1** |
| | ) | |
| **UNITED STATES OF AMERICA,** | ) | |
| **Respondent.** | ) | **Referred to U.S. Magistrate Judge[1]** |

### FINDINGS, CONCLUSIONS, AND RECOMMENDATION

Before the Court is the request for an extension of time to file an initial motion to vacate sentence under 28 U.S.C. § 2255, received on July 28, 2020 (doc. 2). Based on the relevant findings and applicable law, the request should be **DISMISSED** for lack of subject matter jurisdiction.

### I. BACKGROUND

On August 17, 2017, a jury convicted Hugh Michael Glenn (Movant) of transporting or shipping of child pornography in violation of 18 U.S.C. § 2252A(a)(1) and access with intent to view child pornography in violation of 18 U.S.C. § 2252A(a)(4). (*See* 3:16-CR-447-N, docs. 34, 72.) By judgment entered on May 11, 2018, he was sentenced to consecutive terms of imprisonment totaling 360 months, to be followed by concurrent ten-year terms of supervised release. (*See id.*, doc. 87.) His conviction was affirmed on appeal on September 25, 2019. (*See id.*, docs. 105, 106.)

Movant now seeks an extension of the one-year deadline to file a motion to vacate his sentence under 28 U.S.C. § 2255 because of "the current quarantine situation" at the facility in which he is being housed. (*See* doc. 2.) His two-sentence motion does not present any specific

---

[1] By *Special Order 3-251*, this habeas case has been automatically referred for findings, conclusions, and recommendation.

grounds for relief under § 2255.  (*See id.*)

## II. JURISDICTION

Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. 104-132, 110 Stat. 1217, on April 24, 1996. It applies to all § 2255 motions filed after its effective date. *United States v. Flores*, 135 F.3d 1000, 1006 (5th Cir. 1998). One of the ways that Title I of AEDPA substantially changed the way federal courts handle habeas corpus actions was by imposing of a one-year statute of limitations. *See* 28 U.S.C. § 2255(f). AEDPA's one-year statutory deadline is not a jurisdictional bar and can, in appropriate exceptional circumstances, be equitably tolled. *Holland v. Florida*, 130 S.Ct. 2549 (2010) (deciding that the timeliness provision in the AEDPA is subject to equitable tolling). A movant is entitled to equitable tolling only if he shows that: 1) he has been pursuing his rights diligently, and 2) some extraordinary circumstance prevented a timely filing. *See id.* at 2562 (citing *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). "Equitable tolling applies principally where [one party] is actively misled by the [other party] about the cause of action or is prevented in some extraordinary way from asserting his rights." *See Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999), *abrogated on other grounds by Richards v. Thaler*, 710 F.3d 573, 578-79 (5th Cir. 2013).

Section 2255 does not authorize federal courts to prospectively extend, stop or toll the one-year statute of limitations. *See* 28 U.S.C. § 2255(f). Federal courts lack jurisdiction to consider the timeliness of a § 2255 motion until it is actually filed. *See United States v. McFarland*, 125 F. App'x 573, 574 (5th Cir. 2005) (per curiam) ("Before the [§ 2255] petition itself is actually filed, 'there is no case or controversy to be heard, and any opinion we were to render on the timeliness would be merely advisory.'"); *see also Gray v. Quarterman*, No.

3:08-CV-2068-D, 2008 WL 5385010, at *1 (N.D. Tex. Dec. 23, 2008) (federal courts do not "sit to decide hypothetical issues or to give advisory opinions about issues as to which there are not adverse parties before [them]") (quoting *Princeton University v. Schmid*, 455 U.S. 100, 102 (1982)) (other citations omitted). A party seeking to invoke federal subject matter jurisdiction must present a justiciable case or controversy. *Gray*, 2008 WL 5385010, at *1 (citing *Juidice v. Vail*, 430 U.S. 327, 331 (1977)) (other citations omitted).

Here, a ruling on the motion for an extension of time will require an advance determination of whether the motion will be time-barred, and whether equitable tolling is applicable. As noted, § 2255 does not authorize a prospective extension of the statute of limitations. There is no concrete dispute to be decided. Accordingly, the Court lacks subject matter jurisdiction to grant any relief.

### III. RECOMMENDATION

This action should be **DISMISSED** for lack of jurisdiction, unless within the fourteen-day period for objecting to this recommendation, or some other deadline set by the Court, Movant submits a § 2255 motion.[2]

**The Clerk of the Court shall mail Movant a standard form for cases filed under 28 U.S.C. § 2255, with the case number included on the form.**

**SO RECOMMENDED** on this 30th day of July, 2020.

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

---

[2] Any motion will still be subject to the one-year statute of limitations set forth in 28 U.S.C. § 2255(f)(1).

## INSTRUCTIONS FOR SERVICE AND
## <u>NOTICE OF RIGHT TO APPEAL/OBJECT</u>

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law.  Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

4