**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| **HUGH MICHAEL GLENN,** | ) | |
| **ID # 09541-078,** | ) | |
| **Movant,** | ) | |
| | ) | **No. 3:20-CV-1997-N-BH** |
| **vs.** | ) | **No. 3:16-CR-447-N(1)** |
| | ) | |
| **UNITED STATES OF AMERICA,** | ) | |
| **Respondent.** | ) | **Referred to U.S. Magistrate Judge[1]** |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

Based on the relevant filings and applicable law, the *Motion Under 28 USC 2255 to Vacate, set aside, or correct sentence by a Person in Federal Custody*, received on September 9, 2020 (doc. 6), should be **DENIED** with prejudice.

## I.    BACKGROUND

Hugh Michael Glenn (Movant) challenges his federal conviction and sentence in Cause No. 3:16-CR-447-N(1).  The respondent is the United States of America (Government).

### A.    <u>Conviction and Sentencing</u>

After first being charged by complaint and indictment, Movant was charged by superseding indictment on April 12, 2017, with one count of transporting and shipping child pornography in violation of 18 U.S.C. § 2252A(a)(1) (Count One), and one count of access with intent to view in violation of 18 U.S.C. § 2252(a)(4) (Count Two).  (*See* docs. 1, 13, 34.)[2]  In August 2017, a jury found him guilty on both counts.  (*See* doc. 72.)

On January 17, 2018, the United States Probation Office (USPO) prepared a Presentence

---

[1] By *Special Order No. 3-251*, this habeas case has been automatically referred for findings, conclusions, and recommendation.

[2] Unless otherwise indicated, all document numbers refer to the docket number assigned in the underlying criminal action, No. 3:16-CR-447-N(1).

Investigation Report (PSR) in which it applied the 2016 United States Sentencing Guidelines Manual.  (*See* doc. 78-1 at ¶ 27.)  The PSR calculated a total offense level of 43 and a criminal history category of II, resulting in a guideline imprisonment range of life.  (*See id.* at ¶¶ 43, 47, 76.)  Because the statutorily authorized maximum sentence was 720 months, it became the guideline sentence.  (*See id.* at ¶ 76.)  On April 25, 2018, Movant filed objections to the PSR and a motion for a downward variance.  (*See* docs. 83-84.)  The Government filed a response to Movant's objections to the PSR on April 26, 2018.  (*See* doc. 85.)

After hearing the parties' arguments on Movant's objections and motion for a downward variance at the sentencing hearing on April 30, 2018, the Court adopted the factual contents of the PSR as its factual determination for sentencing purposes.  (*See* doc. 96 at 3-11.)[3]  By judgment dated May 11, 2018, it sentenced Movant to consecutive terms of imprisonment of 240 months on Count One and 120 months on Count Two, for a total term of 360 months of imprisonment, to be followed by a ten-year term of supervised release.  (*See* doc. 87 at 1-3.)

On appeal, Movant challenged: (1) the denial of his motion to dismiss the indictment based on the Government's suppression of exculpatory evidence under *Brady v. Maryland*, 373 U.S. 83 (1963), and failure to preserve exculpatory evidence under *Arizona v. Youngblood*, 488 U.S. 51 (1988); (2) the denial of his request for a spoliation instruction; (3) the denial of his motion to suppress his statements and images found on his computer due to an invalid search warrant; and (4) the admissibility of the testimony of a Government witness under *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579 (1993).  *See United States v. Glenn*, 935 F.3d 313, 318-22 (5th Cir. 2019).  The Fifth Circuit affirmed the judgment on August 15, 2019.  *See id.* at 322.  He did not file a petition for a writ of certiorari with the Supreme Court.

---

[3] Citations to the record refer to the CM/ECF system page number at the top of each page rather than the page numbers at the bottom of each filing.

B.    **Substantive Claims**

Movant asserts the following grounds for relief:

(1) Denial of effective assistance of counsel;

(2) Improper Practices by Law Enforcement;

(3) Conviction obtained by use of evidence gained pursuant to an unconstitutional search and seizure;

(4) Conviction obtained by an admission of guilt which was unlawfully induced or not made voluntarily or with understanding of the nature of the charge and the consequences of the admission; and

(5) Conviction obtained by the unconstitutional failure of the prosecution to disclose to the evidence [sic] favorable to the defendant.

(No. 3:20-CV-1997-N-BH, doc. 6 at 7, 17-18.)[4]  The Government filed a response on November 23, 2020.  (*See id.*, doc. 16.)  No reply from Movant was received.

## II.    SCOPE OF RELIEF UNDER § 2255

"Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice." *United States v. Gaudet*, 81 F.3d 585, 589 (5th Cir. 1996) (citations and internal quotation marks omitted).  It is well-established that "a collateral challenge may not do service for an appeal." *United States v. Shaid*, 937 F.2d 228, 231 (5th Cir. 1991) (en banc) (quoting *United States v. Frady*, 456 U.S. 152, 165 (1982)).

A failure to raise a claim on direct appeal may procedurally bar an individual from raising the claim on collateral review.  *United States v. Willis*, 273 F.3d 592, 595 (5th Cir. 2001). Defendants may only collaterally attack their convictions on grounds of error omitted from their direct appeals upon showing "cause" for the omission and "actual prejudice" resulting from the

---

[4] Because resolution of some grounds for relief may impact some of the remaining claims, they are considered in an order different than presented by Movant.

error. *Shaid*, 937 F.2d at 232. However, "there is no procedural default for failure to raise an ineffective-assistance claim on direct appeal" because "requiring a criminal defendant to bring [such] claims on direct appeal does not promote the[ ] objectives" of the procedural default doctrine "to conserve judicial resources and to respect the law's important interest in the finality of judgments." *Massaro v. United States*, 538 U.S. 500, 503-04 (2003). The Government may also waive the procedural bar defense. *Willis*, 273 F.3d at 597.

### III.    CLAIMS RAISED ON DIRECT APPEAL

In his third ground, Movant contends that his conviction was "obtained by use of evidence gained pursuant to an unconstitutional search and seizure." (*See* No. 3:20-CV-1997-N-BH, doc. 6 at 17.) He refers to the affidavit in support of the search warrant issued in the underlying criminal case, arguing that an FBI agent who testified at trial "admits that the 'Routh Street address associated with [Movant's] AT&T account on the date of the upload was incorrect.'" (*Id.*) In his fifth ground, he contends that his conviction was "obtained by the unconstitutional failure of the prosecution to disclose to the evidence [sic] favorable to the defendant." (*Id.*, doc. 6 at 18.) He argues that the Government "knew that it destroyed data, destroying unknown (but indisputably incredibly large amounts of data), including data related to the conduct of the investigation itself, and failed to disclose this." (*Id.*) "By the government's own admission, FBI computer scientist Anthony Lehman [sic] 'was supposed to write a "302 report" summarizing his efforts to image [Movant's] hard drive,' but Lehman [sic] failed to make his 302 report until about 5 months before trial which was 7 months after the seizure of [Movant's] computer." (*Id.*, doc. 6 at 19.)

These arguments were considered and rejected on direct appeal in the context of Movant's challenges to the Court's denial of his motion to suppress and his motion to dismiss the indictment, respectively. *See Glenn*, 935 F.3d at 318-21. Defendants who collaterally attack their federal

convictions may not raise grounds previously raised on direct appeal. *See United States v. Rocha*, 109 F.3d 225, 229-30 (5th Cir. 1997). "It is settled in this Circuit that issues raised and disposed of in a previous appeal from an original judgment of conviction are not considered in § 2255 Motions." *United States v. Kalish*, 780 F.2d 506, 508 (5th Cir. 1986) (citing *United States v. Jones*, 614 F.2d 80, 82 (5th Cir. 1980)). Movant is not entitled to habeas relief on these grounds, and they should be denied.

## IV.    INEFFECTIVE ASSISTANCE OF COUNSEL

Petitioner alleges twenty-three separate claims of ineffective assistance of counsel. (*See* No. 3:20-CV-1997-N-BH, doc. 6 at 7-16.)

The Sixth Amendment to the United States Constitution provides, in relevant part, that "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to have the Assistance of Counsel for his defense." U.S. CONST. amend. VI. It guarantees a criminal defendant the effective assistance of counsel, both at trial and on appeal. *Strickland v. Washington*, 466 U.S. 668, 686 (1984); *Evitts v. Lucey*, 469 U.S. 387, 396 (1985). To successfully state a claim of ineffective assistance of counsel, the movant must demonstrate that counsel's performance was deficient and that the deficient performance prejudiced his defense. *Strickland*, 466 U.S. at 687. A failure to establish either prong of the *Strickland* test requires a finding that counsel's performance was constitutionally effective. *Id.* at 697. The Court may address the prongs in any order. *Smith v. Robbins*, 528 U.S. 259, 286 n.14 (2000).

In determining whether counsel's performance is deficient, courts "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Strickland*, 466 U.S. at 689. "The reasonableness of counsel's actions may be determined or substantially influenced by the defendant's own statements or actions." *Id.* at 691.

5

To establish prejudice, a movant must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694; *see Williams v. Taylor*, 529 U.S. 362, 393 n.17 (2000) (recognizing that the inquiry focuses on "whether counsel's deficient performance renders the result of the trial unreliable or the proceeding fundamentally unfair."). Reviewing courts must consider the totality of the evidence before the finder of fact in assessing whether the result would likely have been different absent counsel's alleged errors. *Strickland*, 466 U.S. at 695-96.

## A.    <u>Defense Expert Witness</u>

Movant first appears to contend that trial counsel was ineffective for hiring Brian Ingram (Ingram) as an expert witness for the defense. (*See* No. 3:20-CV-1997-N-BH, doc. 6 at 7-8.) Counsel allegedly "failed to inform [him] that Mr. Ingram was an 'assembled asset' for the FBI." (*Id.*, doc. 6 at 7.) He claims that counsel "failed to properly vet this witness, as evidenced by [counsel's] own admission" "in his rebuttal in a separate complaint filed by [Movant]: 'From my understanding this meant that the FBI hired him to do things that the FBI would not or could not do – a practice that I, for the record, find disturbing. . . At the time I hired [him], I was not aware of this status. . .'"[5] (*Id.*) Movant also complains that an FBI agent testified during trial that "Ingram told him [Movant] was 'guilty as sin.'"[6] He argues that counsel's failure "to take mitigating action

---

[5] Movant does not identify the complaint or proceeding from which he quotes, and he provides no context or copies of transcripts from it.

[6] Movant argues that for his "very own expert witness to say something so egregious to the very law enforcement agency bringing charges against the [Movant] is an unconscionable conflict of interest inducing prejudice against [Movant]." (No. 3:20-CV-1997-N-BH, doc. 6 at 8.) To the extent these allegations may be liberally construed as alleging a separate claim of a conflict of interest, it fails. Conflicts of interest occur when counsel "is prevented, by his own self interest or by his interest in another's welfare, from vigorously promoting the welfare of his client." *Vega v. Johnson*, 149 F.3d 354, 360 (5th Cir. 1998). To establish a Sixth Amendment violation, "a defendant must establish that an actual conflict of interest adversely affected his lawyer's performance." *Cuyler v. Sullivan*, 446 U.S. 335, 350 (1980). An actual conflict of interest "exists when defense counsel is compelled to compromise his or her duty of

by not asking for a mistrial due to this, is again, unconscionable," and that "[h]ad Mr. Ingram not made this comment to [the FBI witness] and had [counsel] launched mitigating measures, the outcome of the trial would have likely been different." (*Id.*, doc. 6 at 8.)

Movant has not shown a reasonable probability that the result of his trial would have been different but for the alleged deficiencies relating to Ingram. He does not argue or show that Ingram's prior work history with the FBI negatively affected his testimony or the defense, and the record shows that Ingram's direct testimony was dedicated primarily to challenging and criticizing the FBI's forensic evaluation and investigative procedures in the criminal case. (*See generally* doc. 95 at 18-73, 125-29.)[7] He also fails to provide any facts or evidence beyond conclusory statements and speculation to show that a mistrial would have been granted had counsel requested one, or that the result of his trial would have been different absent counsel's alleged deficiencies regarding Ingram. His conclusory allegations of prejudice are insufficient to carry his burden under *Strickland*. *See Miller v. Johnson*, 200 F.3d 274, 282 (5th Cir. 2000) (holding that "conclusory allegations of ineffective assistance of counsel do not raise a constitutional issue in a federal habeas proceeding."); *Green v. Johnson*, 160 F.3d 1029, 1042 (5th Cir. 1998) ("Mere conclusory allegations in support of a claim of ineffective assistance of counsel are insufficient to raise a constitutional issue."). Because his allegations fail to demonstrate *Strickland* prejudice, the performance prong need not be addressed. *See Amos v. Scott*, 61 F.3d 333, 348 (5th Cir. 1995). Movant has failed to satisfy his burden under *Strickland*, and this claim should be denied.

---

loyalty or zealous advocacy to the accused by choosing between or blending the divergent or competing interests of a former or current client." *Perillo v. Johnson*, 205 F.3d 775, 781 (5th Cir. 2000). Movant's allegations to do not establish any actual conflict of interest with counsel, so any conflict claim is without merit and should be denied.

[7] Counsel was aware of Ingram's history with the FBI by the time of trial; he specifically examined Ingram about it during redirect examination in order to rehabilitate his credibility following the Government's cross-examination. (*See* doc. 95 at 120-26.)

B.    **Illness**

In his second claim, Movant contends that counsel was ineffective because he "failed to inform the Court, despite [Movant's] repeated complaints, that [Movant] was ill during the week of his trial." (No. 3:20-CV-1997-N-BH, doc. 6 at 8.)  He argues that had counsel "acknowledged [his] illness and informed the Court by asking for a postponement, [Movant] would have been able to effectively participate in his own defense." (*Id.*, doc. 6 at 11.)  He claims that his "illness effectively blocked him from being able to appropriately understand and comprehend the testimony of key witnesses and all other procedures of his trial, rendering him unable to provide critical input to his defense team." (*Id.*)

The medical records from Movant's visit to the emergency room on the last day of trial show that he sustained a minor head injury that morning; he was alert, cooperative, and interactive, responded appropriately to verbal stimuli, was oriented to person, place, and situation, but not time, and had purposeful responses to stimuli, clear speech, normal affect, and normal mood. (*See id.*, doc. 6 at 35, 37.)  He was treated with insulin and pain and anti-nausea medication and discharged in an improved and stable condition. (*See id.*, doc. 6 at 39.)  Aside from conclusory allegations, Movant does not show that he was unable to participate in his own defense, and he fails to identify or explain what witness testimony and trial procedures he did not understand and comprehend because of his alleged illness on the last day of trial, or what critical input he would have been able to provide to his defense team if not for the alleged illness.  Because he has not shown a legitimate basis on which counsel could have requested a postponement of the trial, he fails to show that counsel rendered deficient performance by failing to request same. *See United States v. Kimler*, 167 F.3d 889, 893 (5th Cir. 1999) (holding that counsel is not deficient for failing to raise a meritless argument); *Sones v. Hargett*, 61 F.3d 410, 415 n.5 (5th Cir. 1995) ("Counsel

cannot be deficient for failing to press a frivolous point.").

Even assuming for purposes of this motion only that counsel rendered deficient performance by failing to request a postponement of the trial based on Movant's alleged illness, deficient performance alone is insufficient to merit relief under § 2255. *Strickland* also requires a showing of prejudice. Here, Movant provides no facts or evidence to show a reasonable probability that the Court would have granted a postponement of the trial based on Movant's alleged illness or that the result of the trial otherwise would have been different but for counsel's alleged deficiency. He is not entitled to § 2255 relief on this claim and it should be denied.

**C.    Waiver of *Miranda* Rights**

In his third claim, Movant contends that counsel "should have challenged [Movant's] waiver of *Miranda* Rights." (No. 3:20-CV-1997-N-BH, doc. 6 at 11.) He claim he "was intoxicated and had taken prescription Xanax two hours prior to his being interrogated[,]" and that his "level of comprehension was greatly diminished thereby causing [him] an inability to understand the serious magnitude of the rapidly fired questions put forth to him at that pre-dawn hour." (*Id.*, doc. 6 at 11-12.) Law enforcement allegedly photographed the bottle of vodka he had consumed. (*See id.*, doc. 6 at 12.)

The Supreme Court has recognized that regardless of whether a suspect is informed about and understands his Fifth Amendment rights, the totality of the circumstances surrounding a suspect's confession will render that confession involuntary under the Constitution. *See Ashcraft v. Tennessee,* 322 U.S. 143, 145 (1944); *Haynes v. Washington,* 373 U.S. 503, 513-14 (1963); *Mincey v. Arizona,* 437 U.S. 385, 398 (1978). "A confession may be involuntary if the defendant is so intoxicated by alcohol or other drugs that the confession is not rationally or freely given." *United States v. Blake*, 481 F. App'x 961, 962 (5th Cir. 2012). Coercive police activity is a

necessary predicate to a finding that a confession is not voluntary, however. *See Colorado v. Connelly,* 479 U.S. 157, 163-65 (1986); *United States v. Fernandes*, 285 F. App'x 119, 124 (5th Cir. 2008). A confession cannot be deemed involuntary and thus inadmissible at trial based solely on a defendant's mental condition without evidence of coercive police conduct that is causally related to the confession. *See Connelly,* 479 U.S. at 164; *Blake*, 481 F. App'x at 962 ("in the absence of official coercion, a defendant will have not established that his confession was involuntary.").

Here, Movant fails to provide any facts or evidence to show that his mental state was so altered at the time of his *Miranda* waiver and admissions that it rendered them not rationally and freely given; nor does he show coercive police conduct that is causally related to his admissions. He offers only conclusory and unsubstantiated allegations of coercion and improper police conduct that are unsupported by the record, which are insufficient to raise a constitutional claim warranting habeas relief. (*See* No. 3:20-CV-1997-N-BH, doc 6 at 17-18); *Ross v. Estelle*, 694 F.2d 1008, 1011 (5th Cir. 1983) ("Absent evidence in the record, a court cannot consider a habeas petitioner's bald assertions on a critical issue in his *pro se* petition [ ], unsupported and unsupportable by anything else contained in the record, to be of probative evidentiary value."). Because there is no evidence in the record of Movant's allegedly compromised mental state and coercive police conduct causally related to his admissions to law enforcement, counsel was not deficient for failing to raise a meritless argument. *Kimler*, 167 F.3d at 893; *Sones*, 61 F.3d at n.5. Movant also fails to provide any facts or evidence to show a reasonable probability that any challenge by counsel to the waiver of his *Miranda* rights based on his alleged intoxication would have succeeded and resulted in a different outcome at trial. He has not shown *Strickland* prejudice, and the claim should be denied.

D.    **Sentencing**

In his fourth and twentieth claims, Movant contends that counsel was ineffective during the sentencing proceedings. (*See* No. 3:20-CV-1997-N-BH, doc. 6 at 12, 16.) His fourth claim contends that counsel "sent an associate, name unknown, who was not familiar with [Movant's] case to review and discuss [his] PSR prior to sentencing." (*Id.*, doc. 6 at 12.) He argues that the associate was "not able to answer any of [his] questions," and that he "sent a list of questions to [counsel] via this associate," to which counsel failed to reply. (*Id.*) In his twentieth claim, Movant contends that counsel "failed to obtain records of [his] prior incarceration to rebut prosecutor's argument in penalty phase." (*Id.*, doc. 6 at 16.)

 Movant does not identify any of the questions that he claims the associate was unable to answer or any of the questions he sent to counsel that were unanswered. Nor does he identify any prior criminal records that counsel failed to obtain or explain how such missing records rebutted arguments by the Government during his sentencing proceedings. His conclusory allegations, unsupported by the record, are insufficient to show that counsel's performance was deficient in this regard, and he is not entitled to § 2255 relief on this basis. *See Miller*, 200 F.3d at 282; *Ross*, 694 F.2d at 1011.

Movant also fails to show *Strickland* prejudice. To show prejudice in the sentencing context, a movant must demonstrate that the alleged deficiency of counsel created a reasonable probability that his sentence would have been less harsh. *See Glover v. United States*, 531 U.S. 198, 200 (2001) (holding "that if an increased prison term did flow from an error [of counsel] the petitioner has established *Strickland* prejudice."). One cannot satisfy the second prong of *Strickland* with mere speculation and conjecture. *See Bradford v. Whitley*, 953 F.2d 1008, 1012 (5th Cir. 1992). Here, Movant was sentenced to a term of imprisonment 360 months, which was

below the guideline range of 720 months set forth in the PSR.  (*See* doc. 78-1 at ¶ 76; doc. 87 at 2.)  He has not provided any facts or evidence to show that his sentence would have been less harsh absent counsel's alleged deficiencies relating to explaining and answering questions about the PSR or obtaining records of his prior incarceration.  He therefore fails to demonstrate *Strickland* prejudice.  Because he has not satisfied his burden under *Strickland*, these claims should be denied.

## E.    <u>Recorded Phone Calls</u>

In his fifth claim, Movant contends that counsel was ineffective for "allow[ing] the government to violate [his] due process rights by not allowing [him] to confront his accuser."  (No. 3:20-CV-1997-N-BH, doc. 6 at 13.)  His argument appears to be based on "recorded phone calls the government had listed as discovery."  (*Id.*, doc. 6 at 12.)  He claims that on the morning of trial, he asked counsel about the recorded calls, and counsel replied, "'I have no idea what those calls are about.  You should tell me.  You're the one who made them.'"  (*Id.*)  Movant claims that "[t]his begs the question of what else [counsel] failed to prepare for at [his] trial."  (*Id.*)

On its exhibit list, the Government listed several recorded phone calls made by Movant while incarcerated.  (*See* doc. 61 at 4-5.)  The calls were not introduced or admitted at trial, and Movant does not contend otherwise.  (*See* doc. 70.)  He does not explain how counsel was unprepared and allowed his due process and confrontation rights to be violated in connection with the recorded calls that were neither introduced at nor a part of his trial, and he offers only vague speculation that counsel's response about the recorded calls "begs the question of what else [counsel] failed to prepare for at [Movant's] trial."  (No. 3:20-CV-1997-N-BH, doc. 6 at 12.) Movant also fails to allege and show a reasonable probability that the result of his trial would have been different but for counsel's alleged deficiency regarding the recorded calls.  He has not satisfied his burden under *Strickland*, and the claim should be denied.

F.   **Uncalled Witness**

In his sixth claim, Movant contends that counsel was ineffective because he "failed to contact and/or allow Bill Brunner, a well-regarded licensed therapist specializing in sexual based offenses to testify on [his] behalf. . . . [and] to allow Mr. Brunner speak [sic] on behalf of [Movant] at sentencing." (No. 3:20-CV-1997-N-BH, doc. 6 at 13.) He alleges he was treated by Bill Brunner (Therapist) from 2010-2013; he attended group and individual therapy sessions and "was required to submit to annual polygraph examinations." (*Id.*) Allegedly, "[i]t would have been brought into testimony that [Movant] successfully completed each of these polygraph examinations," and Therapist would "have been able to provide invaluable testimony as to [Movant's] mental state at the time of the alleged offenses due to the death of [his] father and the death of [his] nephew earlier that same year." (*Id.*, doc. 6 at 13-14.) He claims that he contacted Therapist "shortly before his arrest in an effort to address these very issues." (*Id.*, doc. 6 at 14.)

"[C]omplaints of uncalled witnesses are not favored in habeas corpus review because the presentation of testimonial evidence is a matter of trial strategy and because allegations of what a witness would have stated are largely speculative." *Day v. Quarterman,* 566 F.3d 527, 538 (5th Cir. 2009). In order "to prevail on an ineffective assistance claim based on counsel's failure to call a witness, the [movant] must name the witness, demonstrate that the witness was available to testify and would have done so, set out the content of the witness's proposed testimony, and show that the testimony would have been favorable to a particular defense. *Day,* 566 F.3d at 538; *Alexander v. McCotter,* 775 F.2d 595, 602 (5th Cir. 1985). "This requirement applies to both uncalled lay and expert witnesses." *Woodfox v. Cain*, 609 F.3d 774, 808 (5th Cir. 2010); *see also Day*, 566 F.3d at 538 (citing in part *Evans v. Cockrell*, 285 F.3d 370, 377-78 (5th Cir. 2002) (rejecting uncalled expert witness claim where the petitioner failed to present evidence of what a

13

scientific expert would have stated)).

Here, Movant fails to provide any facts or evidence demonstrating that Therapist was available to testify at his trial or sentencing and would have done so, showing the content of Therapist's proposed testimony, or showing that the proposed testimony would have been favorable to a particular defense. His speculative and conclusory allegations that Therapist would have testified about required polygraph tests that Movant passed years prior to the offenses, and would have provided "invaluable testimony as to [Movant's] mental state" at the time of the offenses are insufficient to warrant habeas relief. (No. 3:20-CV-1997-N-BH, doc. 6 at 13-14); *see also Martin v. McCotter*, 796 F.2d 813, 819 (5th Cir. 1986) ("'[H]ypothetical or theoretical' testimony will not justify the issuance of a writ[.]").

Movant also has failed to show a reasonable probability that the outcome of the trial would have been different, even if counsel is presumed deficient for failing to contact or call Therapist as alleged. *See Sayre v. Anderson*, 238 F.3d 631, 636 (5th Cir. 2001); *United States v. Cockrell*, 720 F.2d 1423, 1427-28 (5th Cir. 1983). Because Movant has not satisfied his burden under *Strickland* to show that counsel was ineffective for failing to contact or call Therapist as a witness at trial, he is not entitled to § 2255 relief. *See Day,* 566 F.3d at 538; *Alexander,* 775 F.2d at 602. The claim should be denied.

## G.    Failure to Investigate

In his eighth, ninth, and tenth claims, Movant appears to contend that trial counsel was ineffective based on a failure to investigate. (*See* No. 3:20-CV-1997-N-BH, doc. 6 at 14.) He contends that, despite his requests, counsel "failed to have a mental health evaluation performed on [his] behalf", "failed to have a 'Risk and Needs' assessment done on [his] behalf", and "failed to consult a U.S. Sentencing Guidelines Expert[.]" (*Id.*)

Counsel has a duty to investigate the charges and evidence against his client. *Strickland*, 466 U.S. at 690-91. "A defendant who alleges a failure to investigate on the part of his counsel must allege with specificity what the investigation would have revealed and how it would have altered the outcome of the trial." *United States v. Green*, 882 F.2d 999, 1003 (5th Cir. 1989); *see also United States v. Glinsey*, 209 F.3d 386, 393 (5th Cir. 2000) (stating, in context of direct appeal that, "[t]o establish his failure to investigate claim, [the defendant] must allege with specificity what the investigation would have revealed and how it would have benefitted him."). "[T]here is no presumption of prejudice based on the failure to investigate." *Gonzalez v. United States*, Nos. 5:19-CV-145, 5:15-CR-1112-01, 2020 WL 1893552, at *3 (S.D. Tex. Jan. 24, 2020) (citing *Woodard v. Collins*, 898 F.2d 1027, 1029 (5th Cir. 1990)).

Here, aside from mentioning these alleged failures by counsel, Movant does not otherwise address the arguments. He fails to show or explain what evidence a mental health evaluation, a "Risk and Needs" assessment, and a guidelines expert would have revealed that would have been advantageous to him, and how they would have altered the outcome of the underlying criminal proceedings; nor does he show resulting prejudice under *Strickland*. *See Anderson v. Collins*, 18 F.3d 1208, 1221 (5th Cir. 1994) ("[W]ithout a specific, affirmative showing of what the missing evidence or testimony would have been, a habeas court cannot even begin to apply *Strickland*'s standards because it is very difficult to assess whether counsel's performance was deficient, and nearly impossible to determine whether the petitioner was prejudiced by any deficiencies in counsel's performance.") (citation and internal quotation marks omitted). Because his allegations fail to satisfy his burden under both prongs of *Strickland*, these claims should be denied.

## H.    Writ of Certiorari

In his eleventh claim, Movant contends that counsel was ineffective because he "failed to

write [Movant's] writ of certiorari after obligating himself to do so,"; he provides correspondence from his counsel to support his claim. (No. 3:20-CV-1997-N-BH, doc. 6 at 15, 23-24.)

A criminal defendant has no constitutional right to counsel to pursue a petition for a writ of certiorari with the Supreme Court. *See Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987) ("a defendant has no federal constitutional right to counsel when pursuing a discretionary appeal on direct review of his conviction . . . ."); *Wainwright v. Torna*, 455 U.S. 586, 587 (1982) (citing *Ross v. Moffitt*, 417 U.S. 600 (1974)). "[W]here there is no constitutional right to counsel, there cannot be constitutionally ineffective assistance of counsel." *Wyatt v. United States*, 574 F.3d 455, 459 (7th Cir. 2009) (citing in part *Coleman v. Thompson*, 501 U.S. 722, 752 (1991)) (denying § 2255 motion because there was no ineffective assistance of counsel for failure to file timely petition for a writ of certiorari since the defendant had no constitutional right to counsel in seeking certiorari review); *see also Clark v. Johnson*, 227 F.3d 273, 283 & n.5 (5th Cir. 2000) ("Because there is no constitutional right to counsel for discretionary appeals, we need not analyze this claim under *Strickland*."). Because Movant has no constitutional right to seek certiorari review or to counsel for it, he cannot show that counsel was constitutionally ineffective for failing to file a certiorari petition. He is not entitled to § 2255 relief on this claim, and it should be denied.

## I.    **Plea Offer**

In his twelfth and thirteenth claims, Movant contends that counsel "failed to give [him] a copy of the plea offer," and "offered erroneous advice to refuse plea agreement," respectively. (No. 3:20-CV-1997-N-BH, doc. 6 at 15.)

"'[T]he negotiation of a plea bargain is a critical phase of litigation for the purposes of the Sixth Amendment right to effective assistance of counsel.'" *United States v. Reed*, 719 F.3d 369, 373 (5th Cir. 2013) (quoting *Padilla v. Kentucky*, 559 U.S. 356, 373 (2010)). "When considering

whether to plead guilty or proceed to trial, a defendant should be aware of the relevant circumstances and the likely consequences of his decision so that he can make an intelligent choice." *Id.* (quoting *United States v. Rivas-Lopez*, 678 F.3d 353, 356-57 (5th Cir. 2012)).

> Failing to properly advise the defendant of the maximum sentence that he could receive falls below the objective standard required by *Strickland.* When the defendant lacks a full understanding of the risks of going to trial, he is unable to make an intelligent choice of whether to accept a plea or take his chances in court. By grossly underestimating [the defendant's] sentencing exposure . . . , [counsel] breache[s] his duty as a defense lawyer in a criminal case to advise his client fully on whether a particular plea to a charge appears desirable.

*United States v. Grammas*, 376 F.3d 433, 436-37 (5th Cir. 2004) (citations and internal quotation marks omitted).

Aside from the conclusory statements that constitute the entirety of these two claims, Movant has not alleged any facts or evidence showing the terms of any alleged plea offer or that counsel offered erroneous advice in connection with any such plea offer.[8] Because conclusory allegations are insufficient to show deficient performance, he has failed to satisfy his burden on the first *Strickland* prong. *See Miller*, 200 F.3d at 282; *Green*, 160 F.3d at 1042.

Even assuming for purposes of this motion only that counsel rendered deficient performance regarding a plea offer as alleged, *Strickland* also requires a showing of resulting prejudice. To show prejudice when a plea agreement was rejected based on ineffective advice, a movant must show a reasonable probability that but for the deficient advice: (1) he would have accepted the plea offer before it was withdrawn by the prosecution; (2) the court would have accepted the terms of the offer; and (3) the conviction or sentence, or both, under the terms of the plea offer would have been less severe than the judgment and sentence that were actually imposed.

---

[8] Although Movant also fails to provide any facts or evidence beyond conclusory allegations to show the existence of any plea offer, the Government appears to concede that there was a plea offer in the underlying criminal case. (*See* No. 3:20-CV-1997-N-BH, doc. 16 at 12-13.)

*Lafler v. Cooper*, 566 U.S. 156, 164 (2012). Movant has failed to make each of these showings and has therefore failed to carry his burden to show *Strickland* prejudice. *See Rivas-Lopez*, 678 F.3d at 359 ("there is a burden on [the movant] to show that there was a reasonable probability that the prosecution would not have withdrawn the plea offer and that the court would have accepted its terms."). He also has not alleged or shown a reasonable probability that the result of his proceedings would have been different but for counsel's alleged failure to give him a copy of the plea offer. Movant is not entitled to § 2255 relief on these claims, and they should be denied.

**J.    <u>Defense at Trial</u>**

In his sixteenth claim, Movant contends that counsel was ineffective because he "failed to exercise professional judgment on behalf of [Movant] by offering a 'twink' defense during trial. Stating in court that his client was attracted to 'twinks' (young men), thereby using a bizarre defense." (No. 3:20-CV-1997-N-BH, doc. 6 at 15.)

The record shows that in the context of distinguishing between legal sexual fetishes and illegal sexual behaviors, counsel questioned the voir dire panel about whether they knew what a "twink fetish" was, explaining that a "twink fetish" involved "differently aged men." (doc. 93 at 60-61.) During opening statements, counsel stated that Movant "likes younger guys," which is not illegal; he later cross-examined a Government witness to elicit testimony that a twink "is a description of a young-looking teenage boy" who is not necessarily underaged. (*Id.* at 131; doc. 94 at 111.) Given this context and the nature of the charged offenses, it appears that counsel raised the concept of twinks and a twink fetish to provide an alternative explanation for the evidence against Movant, i.e., that he was attempting and intended to access legal pornography of young or young-looking men, not illegal child pornography.

Even if Movant could overcome the presumption that counsel's strategy regarding his

references to twinks and legal sexual fetishes fell within the wide range of reasonable professional assistance under *Strickland*, he still fails to demonstrate resulting prejudice based on counsel's alleged deficiency in raising a "twink defense." The claim should therefore be denied.

## K.   <u>Additional Defenses</u>

In his seventeenth and eighteenth claims, Movant contends that counsel was ineffective because he "failed to raise an indicated defense" by "failing to address the extreme emotional disturbance of [Movant] due to the deaths of his father and nephew[,]" and not raising his "intoxication at time of the 'confession'." (No. 3:20-CV-1997-N-BH, doc. 6 at 15-16.)

Movant's allegations are refuted by the record. The record shows that during trial, counsel told the jury that Movant "had been drinking, using pills" before law enforcement executed the search warrant at his home and interviewed him; he also implied as much during cross-examination of a Government witness. (doc. 93 at 128; *see also* doc. 94 at 100.) Counsel spoke to the jury about Movant's close relationship with his father and his father's death following the death of Movant's aunt in February 2016. (*See* doc. 93 at 130.) He told them about the overdose death of Movant's 24-year-old nephew, and that Movant had to plan the funerals of his father and nephew within two months of each other.[9] (*See id.*) Movant's arguments that counsel failed to address and raise his family members' deaths and his intoxication in his defense are unsupported by the record and without merit. Additionally, to the extent he contends that counsel should have further argued these grounds, he has not alleged or shown any additional facts or evidence that counsel could have further argued on these points. Even if he had, his claim still fails because he has not

---

[9] Additionally, at his initial appearance on the afternoon of the day the search warrant was executed, Movant told the Court on the record that he was not trying to justify his "bad behavior"; he stated that the deaths of his father and nephew, as well as the "horrible relationship" he was in "ha[d] really come to fruition, believe it or not, the past couple of weeks." (doc. 30 at 34-35; doc. 94 at 9.) These statements in open court were read into the record and admitted as an exhibit at trial by the Government. (*See* doc. 94 at 8-10.)

shown resulting prejudice under *Strickland*.  The claim should be denied.

**L.     Other Claims**

Movant's seventh, fourteenth, fifteenth, nineteenth, twenty-first, and twenty-second claims respectively allege that counsel was ineffective because he: "told [Movant] that character reference letters and/or testimony would have no impact on the outcome of his trial"; "failed to request an independent voluntariness hearing"; "took a 'perfunctory approach' to jury selection"; "failed to humanize the [Movant] during trial"; "had a grandiose, perhaps even delusional belief in his own abilities"; and "was inexperienced to handle a trial in federal court."  (No. 3:20-CV-1997-N-BH, doc. 6 at 14-16.)  Movant does not provide any facts or evidence to support these conclusory statements.  Nor has he alleged or shown that any of these alleged deficiencies of counsel prejudiced his defense.  Because each of these claims is conclusory, they do not warrant habeas relief.  *See Koch v. Puckett*, 907 F.2d 524, 530 (5th Cir. 1990) ("'[M]ere conclusory allegations on a critical issue are insufficient to raise a constitutional issue.'"); *Miller*, 200 F.3d at 282; *Ross*, 694 F.2d at 1011.  These claims should be denied.

**M.     Cumulative Error**

In his twenty-third claim, Movant contends that "[d]ue to the cumulative effect of [his] attorneys [sic] errors he did not receive effective assistance of counsel."  (No. 3:20-CV-1997-N-BH, doc. 6 at 16.)  The Fifth Circuit has recognized that "'[u]nder the cumulative error doctrine, relief may be obtained only when constitutional errors so fatally infect the trial that they violate the trial's fundamental fairness.'"  *United States v. Fields*, 761 F.3d 443, 483 (5th Cir. 2014) (quoting *United States v. Stephens*, 571 F.3d 401, 412 (5th Cir. 2009)).  Because Movant fails to establish that his counsel was constitutionally ineffective under *Strickland* on any of his claims of ineffective assistance of counsel, he has not demonstrated any constitutional errors that may be

considered cumulatively. *See, e.g., Tovar v. United States*, No. 3:18-CV-528-B (BT), 2019 WL
7762200, at *7 (N.D. Tex. Dec. 26, 2019) (finding that the movant was not entitled to § 2255 relief
on cumulative error claim where he failed to establish ineffective assistance of counsel under
*Strickland*), *rec. adopted*, 2020 WL 470270 (N.D. Tex. Jan. 29, 2020).  Movant's claim of
cumulative error entitles him to no relief under § 2255, and it should be denied.

## V.    ADMISSIONS AND CONFESSION

In his second and fourth grounds, Movant challenges his admissions and confession in the
underlying criminal case.  (*See* No. 3:20-CV-1997-N-BH, doc. 6 at 17-18.)  In his second ground,
Movant alleges "Improper Practices by Law Enforcement," and contends that "[q]uestions were
intentionally framed/asked so as to be oblique and manipulative to take advantage of the pre-dawn
raid on [Movant's] home to induce answers that were misconstrued as admissions." (*Id.*, doc. 6 at
17.)  In his fourth ground, Movant contends that his conviction was "obtained by an admission of
guilt which was unlawfully induced or not made voluntarily or with understanding of the nature
of the charge and the consequences of the admission." (*Id.*)  He claims that he "had been drinking
late into the night and had taken prescription Xanax prior to going to bed," on the night before the
"pre-dawn raid was conducted" at his home.  (*Id.*, doc. 6 at 18.)  He argues that "[l]aw enforcement
agents took advantage of the [Movant's] lack of awareness and altered mental capacity by applying
pressure that could be taken as coersion [sic] in an effort to obtain an admission of guilt from
[Movant]." (*Id.*)

The Government argues that these claims are procedurally barred and without merit.  (*See
id.*, doc. 16 at 27-28.) As noted, a movant may be procedurally barred from collaterally attacking
claims that were not raised in a direct appeal.  *Willis*, 273 F.3d at 595.  To overcome the bar, they
must show "cause" for the omission and "actual prejudice" resulting from the error.  *Shaid*, 937

F.2d at 232. Even then, any new assertion of error is limited to "issues of constitutional or jurisdictional magnitude." *Id.* The only exception is when a movant can establish a fundamental miscarriage of justice, i.e., that he is actually innocent of the crime convicted. *Id.* To explain why he did not raise these grounds on direct appeal, Movant states only that his "attorney, both trial and appellate, failed to raise this issue." (No. 3:20-CV-1997-N-BH, doc. 6 at 19.) Although he contends in his § 2255 motion that counsel was ineffective for failing to challenge his *Miranda* waiver on the same bases as his second and fourth grounds, his ineffective assistance of counsel arguments fail to satisfy *Strickland* and do not entitle him to habeas relief, as discussed. Because he fails to show counsel rendered ineffective assistance in failing to raise these arguments, he has not shown cause and prejudice for his default; he also does not allege or show actual innocence of the crime of conviction.[10] Accordingly, his second and fourth grounds are procedurally barred.

Even if the claims were not procedurally barred, they lack merit. As discussed, a causal relationship between coercive police conduct and a challenged confession is a necessary predicate to establishing that the confession is involuntary. *See Connelly*, 497 U.S. at 164; *Blake*, 481 F. App'x at 962. Here, the record shows that when the search warrant was executed at Movant's home, he was read his *Miranda* rights, agreed to speak with law enforcement in a recorded interview that was later transcribed; he did not appear to be in any bad condition, impaired in any way, or under the influence of anything. (*See* doc. 93 at 179-81; doc. 94 at 100, 119-20.) As discussed, Movant fails to provide any facts or evidence to show that his mental state was altered at the time of his admissions to the extent that the admissions were rendered not rationally and freely given, and to show coercive police conduct that is causally related to same. His conclusory

---

[10] To the extent Movant alleges that he failed to raise these grounds on appeal due to the ineffective assistance of counsel on appeal, Movant has not provided any facts or evidence to support a claim of ineffective assistance of appellate counsel, and his conclusory statement does not establish cause or prejudice.

and unsubstantiated allegations that law enforcement "took advantage of [his] lack of awareness and altered mental capacity," framed their questions to be "oblique and manipulative," and applied "pressure that could be taken as coersion [sic]" are unsupported by the record, and do not to raise a constitutional claim warranting habeas relief.  (No. 3:20-CV-1997-N-BH, doc. 6 at 17-18); *see also Koch*, 907 F.2d at 530; *Ross*, 694 F.2d at 1011.

Further, even if his statements and admissions to law enforcement were improperly admitted at trial, such a trial error is subject to a harmless error analysis, and habeas relief would be warranted only if they "had a substantial and injurious effect or influence in determining the jury's verdict." *Brecht v. Abrahamson,* 507 U.S. 619, 623 (1993) (internal quotation marks and citation omitted); *see also United States v. Chavez*, 193 F.3d 375, 379 (5th Cir. 1999). Notwithstanding Movant's admissions, evidence at trial included his own statements from his initial appearance that he was not trying to justify his "bad behavior," subscriber information linking Movant to the IP address from which child pornography was accessed and sent, expert testimony, and testimony that "numerous," "many," and "2,000 images" of child pornography were found on Movant's computer.  *Glenn*, 935 F.3d at 315-17; (*see also* doc. 30 at 34-35; doc. 94 at 9.)  Because there was substantial evidence to support the jury's guilty verdict, even absent his admissions and confession to law enforcement, Movant fails to show that they had a "substantial and injurious effect or influence in determining the jury's verdict." *Brecht*, 507 U.S. at 623.  Habeas relief is therefore not warranted on his second and fourth grounds on this additional basis, and the claims should be denied.

## VI.    EVIDENTIARY HEARING

To the extent Movant seeks an evidentiary hearing, none is required when "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief."  28

U.S.C. § 2255(b).  A movant "is entitled to an evidentiary hearing on his § 2255 motion only if he presents 'independent indicia of the likely merit of [his] allegations.'"  *Reed*, 719 F.3d at 373 (citation omitted).  Movant has failed to demonstrate the existence of a factual dispute that creates a genuine issue, or to come forward with independent indicia in support of the likely merit of his claims.  *See id.*  He has therefore failed to demonstrate he is entitled to an evidentiary hearing on any of his claims.

## VII.    RECOMMENDATION

The *Motion Under 28 USC 2255 to Vacate, set aside, or correct sentence by a Person in Federal Custody*, received on September 9, 2020 (doc. 6), should be **DENIED** with prejudice.

**SIGNED this 31st day of March, 2023.**

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND
### NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law.  Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE